UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

U.S. BANK TRUST, N.A., as trustee for
LSF8 MASTER PARTICIPATION TRUST,

              Plaintiff,

   -v-                                       6:15-CV-0412
                                               (DNH/ATB)

LORI A. DELUCA, ONEIDA COUNTY
DEPARTMENT OF SOCIAL SERVICES,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

GROSS POLOWY LLC                 AMY E. POLOWY, ESQ.
Attorneys for Plaintiff
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

LORI A. DELUCA
Defendant Pro Se
14 Myers Avenue
Yorkville, NY 13495

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On April 6, 2015, plaintiff U.S. Bank Trust, N.A. ("plaintiff") filed this action against defendants Lori A. Deluca ("Deluca") and the Oneida County Department of Social Services (the

"County Defendant") to foreclose a mortgage encumbering 14 Myers Avenue, Yorkville, New York (the "Premises"), pursuant to New York Real Property Actions and Proceeding Law ("RPAPL"), Article 13.

Following both Deluca and the County Defendant's failure to answer the complaint, plaintiff requested an entry of default. See ECF No. 7. On June 2, 2015, the Clerk of the Court entered default against Deluca and the County Defendant. See ECF No. 8. On June 22, 2015, Deluca submitted a motion to vacate the entry of default against her. See ECF No. 10. By Decision & Order dated June 24, 2015, the entry of default against Deluca was set aside. See ECF No. 14. On July 16, 2015, plaintiff moved for a default judgment against the County Defendant pursuant to Federal Rule of Civil Procedure ("Rule") 55.

Since the entry of default was vacated against her, Deluca has sought five extensions of time to answer the complaint. See ECF Nos. 19, 22, 25, 29, 31. On February 22, 2016, the Honorable Andrew T. Baxter, United States Magistrate Judge, extended Deluca's time to answer until March 21, 2016, noting that absent extraordinary additional justification, no further extensions would be granted. See ECF No. 32. To date, Deluca has not submitted an answer to the complaint, nor submitted any additional requests for an extension.

## II. DISCUSSION

Under Rule 55, default judgment may be entered where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as

a matter of right." J & J Sports Prods., Inc. v. Onyx Dreams Inc., No. 12-CV-5355, 2013 WL 6192546, at *3 (E.D.N.Y. Nov. 26, 2013) (citation and internal quotation marks omitted). When considering a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The court must also determine whether the plaintiff's factual allegations establish the defendant's liability as a matter of law. Id. Accordingly, the sufficiency of the factual allegations in plaintiff's complaint will be considered.

The complaint alleges that Deluca has failed to make payments on a note secured by a mortgage on the Premises and therefore seeks to foreclose on the Premises pursuant to RPAPL Article 13. The complaint further alleges that the County Defendant holds a subordinate mortgage, dated October 31, 2011, against the Premises in the amount of $691.75.

The motion for partial default judgment seeks to foreclose the County Defendant from all right, title and interest in the Premises after the filing of the Notice of Pendency. Plaintiff has complied with the requirements of Federal Rule of Civil Procedure 55(b)(2) and Northern District Local Rule of Civil Procedure 55(b) and, as a result, the motion will be granted. Further, Deluca is presently in default after failing to answer the complaint, and therefore judgment will be entered against her.

Therefore, it is

ORDERED that:

1. Plaintiff's motion for default judgment against defendant Oneida County Department

of Social Services (ECF No. 17) is **GRANTED**;

2. After the filing of a Notice of Pendency in this action, Defendant Oneida County Department of Social Services is barred and foreclosed of all right, claim, lien, interest and equity of redemption in the mortgaged premises located at 14 Myers Avenue, Yorkville, New York 13495;

3. Judgment is entered in favor of plaintiff against defendant Lori A. Deluca for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Premises and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest (the "Recoverable Expenses");

4. Plaintiff shall submit to the Court a statement detailing the Recoverable Expenses as of the date of this Decision and Order to be reviewed and incorporated into the Judgment;

5. A referee shall be appointed to sell the Premises at auction to the highest bidder, in accordance with New York State Real Property Actions and Proceeding Law, Article 13;

6. The interest of defendant Lori A. Deluca and all persons claiming by or through her is foreclosed and their title, right, claim, lien, interest or equity of redemption to the Premises are forever extinguished;

7. Plaintiff shall be paid out of the sale proceeds the Recoverable Expenses, and that the sale proceeds be distributed in accordance with New York State Real Property Actions and Proceeding Law, Article 13;

8. The Premises shall be sold in as is condition, subject to the facts an inspection or

accurate survey of the Premises would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;

    9. Plaintiff may purchase the Premises at sale;

    10. A receiver be appointed for the Premises, if requested by plaintiff;

    11. A deficiency judgement against all obligors on the note shall be entered for the amount that remains due after distribution of the sale proceeds, if requested by plaintiff; and

    12. If the plaintiff possesses other liens against the Premises, they not merge with the mortgage being foreclosed and that plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale of the Premises.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 29, 2016
     Utica, New York.